HENRY B. WELLS *et al.*, Respondents, v. HENRY PIKE, Appellant.

1. The allegations in a petition not denied in the answer are admitted, and need not be proven; but the allegations of the answer in avoidance of the cause of action must be proved by the defendant.

*Appeal from St. Louis Court of Common Pleas.*

Suit upon a judgment recovered in New-York admitting a credit. The answer claimed that the defendant was entitled to a larger credit than the petition stated. No evidence was offered by either party at the trial, nor was the record of the judgment sued upon produced.

The court rendered judgment for the plaintiffs.

*Hart* and *Mc Gibbon*, for appellant.

The production of the record was not dispensed with by the pleadings. The record should have been produced.

*A. M. & S. H. Gardner*, for respondent.

Under the pleading, no proof was required on the part of the plaintiff. (R. C. 1238, § 48. Butcher v. Death, 15 Mo. 271; Waburton v. Cameron, 10 Ind. 302; Wood v. Whiting, 21 Barb, 190; Gebhardt v. Francis, 32 Penn. 78; 6 Ind. 330; 7 Ind. 369; 24 Barb. 541; 4 Io. 587.)

DRYDEN, Judge, delivered the opinion of the court.

In this case the plaintiffs sue the defendant on a judgment they recovered against him in the supreme court, for the county of Onondaga, in the state of New-York, on the 21st of November, 1857, for the sum of nine hundred and twenty-three dollars and ninety-two cents damages, and sixty-eight dollars and eighty-two cents costs. After setting out the judgment in their petition in the usual form, they state that "the defendant is entitled to a credit of one hundred and ninety-two dollars paid on said judgment, and received by plaintiffs since the rendition of the same," and then ask judgment for the balance, with interest at the rate of seven per cent., which is averred to be the lawful rate by the laws of New-York.

The defendant answers, but does not pretend to put in issue the allegations of the petition touching the recovery of the judgment, nor does it affect to aver anything in total discharge of the judgment. The most that can be said for the answer is, that it claims the defendant made larger payments to the plaintiffs than are admitted in the petition. In this state of the record the parties went to trial before the court without a jury. The plaintiffs read the petition and answer, and closed. The defendant then asked the court to say, "There is no evidence before the court sitting as a jury to entitle the plaintiffs to recover in this action;" which was refused by the court, and the defendant excepted. The defendant offered no evidence, and the court found a verdict for the balance due plaintiffs as shown upon the face of the

petition. The only question in the case is the propriety of the action of the court in refusing this instruction. Plainly the instruction was properly overruled. All the allegations of the petition necessary to enable the plaintiffs to recover, stand admitted, and therefore needed no proof. T' ... !y issue in the cause, if it may be said the answer pr( :-· :s material issue, arose upon the new matter set up in the answer in confession and avoidance of part of the plaintiffs' cause of action, and the burden of proving it rested upon the defendant; and having failed to offer any evidence in support of it, the court could not do otherwise than give judgment as it did.

Let the judgment of the common pleas be affirmed with ten per cent. damages ; the other judges concurring.